Filed 11/4/24  P. v. Rojo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C099347 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF08-0002435-01) |
| v. | |
| DAVID GUADALUPE ROJO, | |
| Defendant and Appellant. | |

Defendant David Guadalupe Rojo appeals the denial of his Penal Code[1] section 1172.6[2] petition for resentencing at the prima facie stage.  He argues the trial court prejudicially erred when it weighed conflicting evidence in determining he was ineligible

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.

1

for relief. The People concur the trial court erred because the record of conviction does not conclusively foreclose that defendant "could have been subject to prosecution for murder under the natural and probable consequences theory of aiding and abetting." We agree with the parties that the trial court erred in denying defendant's resentencing petition at the prima facie stage. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Accordingly, we reverse and remand for the issuance of an order to show cause and further proceedings under section 1172.6, subdivision (d) consistent with the opinion.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution's November 14, 2008 information filed in criminal court in accordance with the direct file procedure (former Welf. & Inst. Code, § 707) charged defendant (and two codefendants) with first degree murder with malice aforethought (count one), attempted murder (counts two & three), participation in a criminal street gang (count four), and discharging a firearm at an occupied vehicle (count five). The information further alleged as special circumstances specific to the murder that defendants intentionally shot from a vehicle with intent to inflict death and that defendants were active participants in a criminal street gang who intentionally murdered to further the activities of the gang. The information also alleged special circumstances that defendants committed counts one through three and five for the benefit of a criminal street gang and defendant and codefendant J.L. personally discharged a firearm proximately causing great bodily injury with a gang allegation. Finally, the information alleged defendant and codefendant J.L. personally used a firearm in the commission of count four.

On October 23, 2009, defendant (who was then 16 years old) resolved the matter by pleading no contest to: voluntary manslaughter with gang and firearm enhancements, two counts of attempted murder without the allegation that they were premeditated, and one count of carrying a loaded firearm in a public place/vehicle not registered to defendant. Defendant also admitted the direct filing allegations. While defendant's plea

2

form identified the preliminary examination transcript as the factual basis for the plea, the reporter's transcript of the plea hearing reflects no mention of the specific factual basis for defendant's plea, although the trial court found one existed.

On November 20, 2009, the trial court imposed the agreed-upon aggregated prison sentence of 36 years four months, and another panel of this court affirmed the judgment in all material aspects in an unpublished appellate opinion issued in 2011. (*People v. Rojo* (Mar. 14, 2011, C063890) [nonpub. opn.].)

On January 23, 2023, defendant (through counsel shared with his brother) filed a petition for resentencing under section 1172.6. Defendant further filed evidence supporting his resentencing request, including a personal declaration and the reporter's transcript of the preliminary examination from his original prosecution. Defendant's petition alleged he was unarmed on the day of the shooting, did not fire a weapon, did not intend to kill, and did not aid or abet the actual killer; accordingly, he "could not [now] be convicted of manslaughter or attempted murder based on his involvement in the crime." Moreover, defendant asserted that "[u]nder current law, [he] could not be prosecuted for murder or attempted murder, as described in . . . [sections] 188 and 189, based on a theory that involved imputed malice. [Defendant's] actions and involvement in the underlying circumstances do not meet such standards, and the record is devoid of any evidence to support a murder conviction." Rather, defendant argued "he was not the actual killer but based on the threat of the use of the latter doctrine of natural and probable consequences, he entered a plea of guilty to the charges of manslaughter and attempted murder in order to avoid a life sentence under a conviction for first degree murder."

What occurred prior to the shooting is not in dispute. According to J.A.'s testimony at the preliminary examination, J.A., J.L., A.R., and defendant woke up hungry, wanted pizza, and drive in A.R.'s car to pick some up. When the group pulled into the parking lot, defendant recognized some people standing next to a white van.

3

Those people got into the van and left. The group followed the van in A.R.'s car, apparently intending to fight the van's occupants.

At this point what happened is subject to dispute. According to J.A.'s preliminary examination testimony, J.L. said he was going to "blast on the scraps," which meant J.L. was going to shoot them. Defendant and J.L. then took out guns. A.R. pulled beside the van, and defendant and J.L. shot at the van.

In contrast, defendant's declaration averred he had no idea anyone in the car that morning was armed, and the "shooting happened very quickly and unexpectedly." Defendant had recognized the individuals in the van from prior physical confrontations and thought they would follow the van and exchange words with the possibility of another "minor altercation." Neither defendant nor his brother were armed or shot at anyone, and defendant ducked when the shooting began. Further, J.A. made up the story about defendant being the shooter in exchange for immunity even though there was no corroboration and evidence suggested J.A. had a motive to "earn his stripes." Defendant also suggested authorities' acceptance of J.A.'s version of events was racially motivated, as the other occupants of the car were Hispanic and were all prosecuted, while J.A., a Caucasian, was not.

The prosecution did not file a response, and defendant filed a reply urging the trial court to issue an order to show cause and set the matter for an evidentiary hearing. On the date originally scheduled for the prima facie hearing, the trial court granted the prosecution's untimely request for a continuance to file a responsive pleading.

On July 7, 2023, the trial court denied the prosecution's request to continue the prima facie hearing an additional two months due to the prosecution's inability to access files concerning defendant's case. Instead, the trial court proceeded with the hearing, stating the court had reviewed defendant's submissions, as well as the record of conviction that included defendant's plea and the preliminary examination transcript used

4

as the factual basis for that plea. In light of this information, the court determined defendant could not state a prima facie case for relief.

The trial court reasoned testimony from the preliminary examination and the section 12022.53, subdivision (d) firearm enhancement defendant was accused of committing established he was prosecuted as one of two actual shooters, and thus was facing prosecution as either an actual killer or a direct aider and abettor. Further, defendant pled no contest as either an actual killer or direct aider and abettor, as well as admitting a personal firearm use enhancement under section 12022.5, subdivision (a). Defendant had not provided an alternative theory for his admitted firearm enhancement, nor for his plea to carrying a loaded firearm in a vehicle. Further, defendant's declaration that he was unarmed at the time of the offense was contrary to these admissions. Accordingly, the court determined the record of conviction "only supports a conclusion that [defendant] was the actual killer in this case or a direct aider and abettor of the actual killer and attempted murder and that he was not convicted under the [f]elony [m]urder [r]ule or the [n]atural and [p]robable [c]onsequences [d]octrine." The court found, "[As defendant]'s petition is contradicted by the record of conviction . . . [he] has failed to establish a prima facie case for relief . . . and his petition is denied."

On August 10, 2023, defendant filed a motion for reconsideration of the trial court's denial, including a second declaration averring facts concerning defendant's decision to take the plea deal and providing the reporter's transcript of his original plea hearing. The prosecution opposed this request in two filings; first arguing defendant was the actual shooter in the murder count, and second that section 1172.6 was not a vehicle for retrying defendant's case. Defendant's reply brief argued the identity of the actual killer was a factual issue, and defendant had stated a prima facie case entitling him to an order to show cause.

The hearing on defendant's motion for reconsideration took place on August 25, 2023. At the hearing, defendant's attorney argued that the trial court was not bound by

5

J.A.'s preliminary examination testimony and that testimony could not conclusively establish defendant's ineligibility for relief at the prima facie stage. Rather, the conflicting evidence before the court prevented it from denying the petition at this stage. The trial court declined to reconsider its ruling, explaining it had not engaged in "fact finding" because the testimony from the preliminary examination that was the stipulated factual basis for defendant's plea established he was prosecuted as an actual shooter.

Defendant appeals.

## DISCUSSION

### A

*Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Put simply, Senate Bill 1437 "narrowed the application of the felony-murder rule" and eliminated the natural and probable consequences theory as a means of murder prosecution for a killing performed by another person. (*People v. Curiel* (2023) 15 Cal.5th 433, 448; *id*. at p. 449.)

"Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) . . . ' "[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." ' " (*People v. Estrada* (2024) 101 Cal.App.5th 328, 335 (*Estrada*).)

"In its current form, section 1172.6 applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony-murder theory, the natural and probable

6

consequences doctrine, or any other theory of imputed malice.  (§ 1172.6, subd. (a).)  To be eligible for relief, the [defendant] must make a prima facie showing that he [or she] could not presently be convicted of murder under changes to these theories of murder liability made effective January 1, 2019, by Senate Bill 1437 . . . .  (§ 1172.6, subd. (a)(3).)”  (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).)

“Prior to these amendments, a jury could convict a defendant of murder under the felony-murder rule and the natural and probable consequences doctrine without finding malice.  A defendant could be convicted of attempted murder under the theory that the defendant aided and abetted a crime where murder was a natural and probable consequence.  (See *People v. Chiu* (2014) 59 Cal.4th 155, 161.)  Under the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result.  (See *id*. at pp. 161-162.)  Under the felony-murder rule as it existed before 2019, malice was imputed if the defendant intended to commit the underlying qualifying felony.  (*People v. Chun* (2009) 45 Cal.4th 1172, 1184.)”  (*Estrada*, *supra*, 101 Cal.App.5th at p. 336.)

Defendants who believe they are eligible for resentencing may petition pursuant to section 1172.6.  “Under section 1172.6, subdivision (a); ‘[a] person convicted of felony murder or murder under the natural and probable consequences doctrine . . . or manslaughter may file a petition’ with the sentencing court to have his or her murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts ‘when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person’s participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The [defendant] was convicted of murder,

7

attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the [defendant] could have been convicted of murder or attempted murder. [¶] (3) The [defendant] could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019' under Senate Bill 1437. (§ 1172.6, subd. (a).) After receiving a petition containing the required information, 'the court must evaluate the petition "to determine whether the [defendant] has made a prima facie case for relief." ' ([*People v.* ]*Strong*, [(2022) 13 Cal.5th 698,] 708, citing § 1172.6, subd. (c).)" (*Estrada*, *supra*, 101 Cal.App.5th at p. 336.) If the defendant makes a prima facie showing for relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d).)

"At the prima facie stage, the trial court is permitted to examine the record of conviction to assess whether it refutes the [defendant]'s claim of eligibility. (*People v. Lewis*[, *supra*,] 11 Cal.5th [at pp.] 970-972.) The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the [defendant] is ineligible for relief as a matter of law. (*Id*. at p. 971.) A court may not engage in factfinding or weighing of evidence in making this determination at the prima facie stage. (*Id*. at p. 972.) Although the court must generally take the [defendant]'s factual allegations as true, it is not required to accept factual allegations that are conclusively refuted by the record of conviction, including the court's own documents. (*Id*. at p. 971.)" (*Gaillard*, *supra*, 99 Cal.App.5th at p. 1211.)

"When the [defendant]'s conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see § 1192.5, subd. (c) [court approving guilty plea must 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea'].) However, the court may only consider facts the defendant stipulated to as part of the factual basis or otherwise admitted as true. (*People v. Das* (2023) 96 Cal.App.5th

8

954, 961-964 [court could not rely on prosecutor's statement of factual basis that [the] defendant stabbed victim with a knife attempting to kill him because [the] defendant did not stipulate to or otherwise admit the truth of these facts].)" (*Gaillard*, *supra*, 99 Cal.App.5th at pp. 1211-1212.)  Moreover, unless the defendant admitted the truth of particular facts within a preliminary examination transcript used as the factual basis for a plea, those transcripts cannot establish the defendant's ineligibility for relief as a matter of law.  (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [the defendant's stipulation to the grand jury transcript as the factual basis for his plea did not mean the defendant admitted the truth of any evidence presented to the grand jury and thus it could not be used to establish he acted with malice at the prima facie stage]; *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [preliminary examination transcript did not establish ineligibility because the defendant did not admit the truth of the relevant testimony within that transcript]; see also *People v. Williams* (2024) 103 Cal.App.5th 375, 399 (*Williams*) [a "stipulation to a factual basis does not conclusively establish the nature of the conduct underlying a plea"], review granted Aug. 7, 2024, S286314; *id.* at p. 403 ["neither the preliminary [examination] transcript nor defense counsel's stipulation to that transcript providing a factual basis for the plea conclusively establishes that [the defendant] entered a plea to attempted murder under a still-valid theory"].)[3]

---

[3]     Our Supreme Court has granted review in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, to decide "whether the trial court engaged in impermissible judicial factfinding by relying on the preliminary [examination] transcript to deny the petition at the prima facie stage." (*Williams*, *supra*, 103 Cal.App.5th at p. 392.)  Until this issue is decided, we concur with *People v. Rivera*, *supra*, 62 Cal.App.5th at page 235 and *People v. Flores*, *supra*, 76 Cal.App.5th at page 991 that utilization of a preliminary examination transcript to decide a disputed issue of fact is inappropriate at the prima facie stage.

We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B

*Application*

Defendant argues the trial court erred by engaging in prohibited factfinding at the prima facie stage.  Specifically, defendant's resentencing submissions placed the identity of the actual shooters at issue.  At the preliminary examination, the prosecution relied on the uncorroborated testimony of J.A. (an accomplice) that defendant and J.L. shot at the van, while defendant argued it was J.A. who shot with J.L.  Moreover, because defendant pled prior to trial, nothing in the record conclusively established that defendant was not facing prosecution on a now prohibited theory.  The People concur that defendant's plea in this case did not conclusively establish his ineligibility for resentencing as a matter of law.  We agree with the parties that reversal is required.[4]

In reviewing the record of conviction, courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)  However, when "the record . . . makes clear that [the defendant] was the actual killer and the only participant in the killing," the defendant "is not entitled to any relief under section 1172.6." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969, 973 [where record of

---

**4**      In light of the parties' agreement that an order to show cause should have issued in this case, we decline the parties' invitation to rule on whether accomplice testimony from a preliminary examination transcript must be corroborated before it may be used to establish a defendant's ineligibility for relief in a section 1172.6 proceeding.  We similarly will not address defendant's arguments raised in reply that his no contest pleas should be given no weight at the evidentiary hearing.  These issues are unnecessary to the disposition of this case.

conviction "unequivocally establishes that [the] defendant was the 'actual killer,' " the defendant is not entitled to relief under § 1172.6 as a matter of law].)

Here, the trial court relied upon the preliminary examination testimony of J.A. to conclude defendant was ineligible for relief as a matter of law because he pled to manslaughter and attempted murder with a gun use enhancement while facing prosecution as the actual killer or direct aider and abettor to the actual killer. The court reasoned that because the preliminary examination transcript was the factual basis for defendant's plea, defendant could not now challenge that testimony by submitting declarations contrary to the testimony of J.A. We disagree.

Defendant was facing prosecution for murder and attempted murder at the time of his plea deal; defendant pled guilty to voluntary manslaughter and attempted murder without premeditation to avoid a possible life sentence if he was convicted for first degree murder; and defendant argued he could not now be prosecuted for murder or attempted murder under the amended law. As such and as conceded by the People, defendant stated a prima facie case for resentencing relief. (§ 1172.6, subd. (a); see also *People v. Curiel*, *supra*, 15 Cal.5th at p. 463 [requiring trial court accept a defendant's allegations of entitlement to relief unless conclusively refuted by the record of conviction].)

The preliminary examination testimony does not alter this conclusion. To start, nothing in the reporter's transcript of defendant's plea hearing identifies the preliminary examination transcript as the factual basis for defendant's plea, let alone that defendant stipulated to the truth of it. Rather, a box was checked on defendant's change of plea form identifying the preliminary examination transcript as the factual basis. Assuming without deciding that this sufficed to make the preliminary examination transcript the factual basis for defendant's plea, it does not follow that defendant is ineligible for relief as a matter of law.

11

Defendant did not stipulate to the truth of any specific facts contained within the preliminary examination testimony. Rather, at most, defendant agreed that the preliminary examination transcript contained a factual basis for his plea. Accordingly, defendant is not bound by this testimony at the prima facie stage. (*Williams*, *supra*, 103 Cal.App.5th at pp. 398-399; *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 235; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991.) As such, defendant's allegations that he was not one of the shooters in the car containing four individuals created an issue of fact precluding the trial court from determining as a matter of law that he was ineligible for relief as the actual killer. (See, e.g., *Flores*, at pp. 991-992 [the defendant is not ineligible as a matter of law because his statement that he ran over the victim did not preclude the possibility that his accomplice who had shot the victim was the actual killer]; *Estrada*, *supra*, 101 Cal.App.5th at p. 340 [presence of multiple perpetrators precluded prima facie determination that the defendant was the actual killer].)

Moreover, nothing in the preliminary examination transcript precluded the prosecution from seeking to prosecute defendant on the basis of imputed liability through the natural and probable consequences doctrine at a jury trial. (*Williams*, *supra*, 103 Cal.App.5th at p. 398.) Rather, because the information charged defendant with murder and attempted murder, and the law does not require the separate pleading of the natural and probable consequence theory, defendant was still facing possible prosecution under that theory. (*Estrada*, *supra*, 101 Cal.App.5th at pp. 337-338; *Williams*, at p. 388.) Accordingly, nothing in the record establishes that defendant was not facing a possible murder and attempted murder trial under theories altered by the ameliorative legislation when he entered his no contest pleas.

Nor do any of defendant's no contest pleas preclude his ability to state a prima facie case. Defendant pled to voluntary manslaughter without specification of the theory of conviction or the identity of the killer. Thus, his plea did not establish he was the actual killer (*Estrada*, *supra*, 101 Cal.App.5th at p. 338) or that he acted with malice

12

(*Gaillard*, *supra*, 99 Cal.App.5th at p. 1213).  Similarly, because defendant pled to two counts of general attempted murder, that plea does not determine whether he could have been convicted of attempted murder without the application of the natural and probable consequences doctrine.  (*Estrada*, at p. 338; *Williams*, *supra*, 103 Cal.App.5th at p. 388.) Likewise, defendant's admission to the use of a firearm and to carrying a loaded firearm did not establish that defendant was the actual killer or acted with intent to kill; nor were they sufficient to refute defendant's allegations that he was facing conviction under a theory of implied malice.  (*Estrada*, at pp. 338-339; *Williams*, at p. 387; see also *People v. Jones* (2003) 30 Cal.4th 1084, 1120 [personal gun use finding "would not in itself prove [the] defendant was the actual killer" where more than one person had a gun].)

Therefore, we cannot conclude *as a matter of law* that defendant was ineligible for relief, and we must reverse the trial court's order denying defendant's petition at the prima facie stage and remand for the issuance of an order to show cause and an evidentiary hearing.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition is reversed.  The matter is remanded with directions to the trial court to issue an order to show cause and conduct further proceedings in accordance with section 1172.6, subdivision (d).


                                                    /s/
                                                    ROBIE, Acting P. J.


We concur:


/s/
MESIWALA, J.


/s/
WISEMAN, J.*


_____

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14